UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC<br><br>Plaintiff,<br><br>v.<br><br>NEWCENTURY REALTY GROUP, INC.;<br><br>Defendant. | Civil Action No.: 14-cv-4252<br><br>**COMPLAINT** |

Plaintiff Century 21 Real Estate LLC ("Century 21" or "Plaintiff"), by and through its undersigned counsel, alleges the following for its original Complaint against NewCentury Realty Group, Inc. ("NewCentury" or "Defendant") based on personal knowledge and on information and belief as appropriate:

## NATURE OF THE ACTION

1. Plaintiff is the owner of the intellectual property rights in and to the famous CENTURY 21 marks including, but not limited to, the CENTURY 21 Logo, the word mark CENTURY 21 and the Detached House logo (*see* Para. 8 below). Plaintiff brings this action to prevent Defendant from *inter alia*, advertising, promoting, marketing or otherwise using marks that are the same or confusingly similar to Plaintiff's famous trademarks and trade dress in connection with real estate brokerage and related services.

2. Plaintiff asserts the following causes of action against Defendant: (1) infringement of Plaintiff's famous trademarks and trade dress in violation of Sections 32 of the Lanham Act, 15 U.S.C. §§ 1114; (2) false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125; (3) trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. §

1125; (4) common law trademark infringement in violation of the laws of the State of New York; (5) common law unfair competition in violation of the laws of the State of New York; (6) violation of Section 349 of New York General Business Law; and (7) violation of Section 360-L of New York General Business Law, arising from the use by Defendant of the confusingly similar names and trademarks "NEWCENTURY" and the "Infringing House Design" (hereinafter referred to as, "Infringing Marks") (*see* Para. 21 below) in violation of Plaintiff's rights in its famous CENTURY 21 marks.

## THE PARTIES

3.      Plaintiff Century 21 is a Delaware limited liability company with its principal place of business located at 175 Park Avenue, Madison, New Jersey 07940.

4.      Upon information and belief, Defendant NewCentury Realty Group, Inc. is a New York corporation with its principal place of business located at 7207 13th Avenue, Brooklyn, New York 11228.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under 15 U.S.C., Chapter 22 – Trademarks); 28 U.S.C. § 1331 (federal questions); 28 U.S.C. § 1338(a) (civil actions arising under any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.      This Court has personal jurisdiction over Defendant because Defendant maintains a place of business located in this District.  Furthermore, Plaintiff's claims against Defendant alleged herein arise from Defendant's operation of a business using the Infringing Marks, within this District.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides, and is doing business, within this District.

## FACTS

**A.      Plaintiff's Trademark Ownership and Business**

8.      Century 21 owns over eighty marks which are registered or pending registration and numerous common law marks in the United States.  Included amongst these registrations are seven (7) for the word mark CENTURY 21, one for the HOUSE DESIGN LOGO and over forty registrations containing "CENTURY 21" and/or the HOUSE DESIGN LOGO as an element of the mark and/or design, (the "CENTURY 21 Marks").  Century 21 is also the owner of trademark registrations for the CENTURY 21 Marks in over one hundred additional countries and territories around the world.  Specifically, Century 21 owns the following incontestable federal trademark registrations in the United State, which are of particular relevance here:

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 1,063,488 | 04/12/1977 | CENTURY 21 | **Real estate brokerage services.** |
| 1,085,040 | 02/07/1978 | *[Century 21 logo]* | **Real estate brokerage services.** |
| 1,104,464 | 10/17/1978 | *[Century 21 logo]* | **Real estate brokerage services.** |

| 1,263,774 | 01/10/1984 | | Real estate brokerage services.<br><br>*The colors gold and black are claimed as a feature of the Mark. |
|---|---|---|---|
| 3,219,883 | 01/02/2007 | | Real estate brokerage services. |

9.    For decades prior to the acts of Defendant complained of herein, Plaintiff has been continuously engaged in the real estate business throughout the United States and internationally, using the CENTURY 21 Marks.

10.   Century 21 has also been widely known for its distinctive black and gold trade dress since its inception, and has been using the Gold House design ( hereinafter, the black and gold trade dress and the Gold House design are collectively referred to as the "CENTURY 21 Trade Dress") since at least as early as 1972 (*see* Para. 8).  The distinctive CENTURY 21 Trade Dress is, and has continuously been, used in connection with the real estate services provided by Century 21.  The appearance of the CENTURY 21 Trade Dress is distinctive, and the black and gold colors along with the Century 21 name and Gold House design are protected by a federal service mark registration for real estate brokerage services (*see*, *e.g.*, Para. 8 above).

11.   Century 21 is a franchisor of a system of business for the promotion and assistance of independently owned and operated real estate brokerage offices, including policies, procedures and techniques designed to enable such offices to compete more effectively in the real estate sales market.  Century 21 licenses its franchisees the right to use the CENTURY 21 Marks and

4

the CENTURY 21 Trade Dress in their real estate brokerage offices throughout the United States. At present, there are approximately 7,250 independently owned and operated franchised broker offices licensed to use the CENTURY 21 Marks and the CENTURY 21 Trade Dress in seventy-one (71) countries and territories worldwide.

12. Century 21, through its franchisees, is involved in hundreds of millions of dollars worth of real estate transactions annually using the CENTURY 21 Marks and the CENTURY 21 Trade Dress.

13. Since 1972, Century 21, on its own and through its various licensees and franchisees, has continuously used, and continues to use, the CENTURY 21 Marks and the CENTURY 21 Trade Dress in the United States in connection with the offering of real estate brokerage services. Over the past 40 years, Century 21 and its franchisees have expended over $1.5 billion dollars and significant time, resources and effort in the advertising and promotion of the CENTURY 21 Marks, the CENTURY 21 Trade Dress, and brand in association with its real estate brokerage services. Included amongst Century 21's advertising efforts are television commercials run during the NFL's Super Bowl, the most watched televisions event of the year in the United States. As a result, consumers have come to recognize the CENTURY 21 Marks, the CENTURY 21 Trade Dress, and the goodwill associated therewith, as originating from a single source, Century 21.

14. Further, as a result of Century 21's extensive and continuous use of the CENTURY 21 Marks and the CENTURY 21 Trade Dress and significant expenditures in promoting the same, the CENTURY 21 Marks and the CENTURY 21 Trade Dress have become famous throughout the United States under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c), and throughout the world.

15. CENTURY 21 is the most recognizable real estate brand in the United States, with over 95% recognition amongst consumers, according to a 2012 Ad Tracking Study conducted by Millward Brown, an independent leading global market research organization.

16. Century 21 is world-renowned in the real estate industry, and provides consumers with exceptional real estate-related services. In order to guarantee the quality of the services provided by Plaintiff and under the CENTURY 21 Marks and the CENTURY 21 Trade Dress, all franchisees must adhere to strict policies and procedures established by Plaintiff relating to the provision of such services.

17. Because the CENTURY 21 Marks and the CENTURY 21 Trade Dress are such valuable assets, Century 21 spends significant time and resources protecting its valuable intellectual property, including against third parties making the same or similar usage of trademarks, trade dress and/or trade names, like the Infringing Marks, which are the same or confusingly similar to the CENTURY 21 Marks and the CENTURY 21 Trade Dress.

**B.      Defendant's Infringing Conduct**

18. Upon information and belief, Defendant adopted the name "NewCentury" and the Infringing Marks on or about January 17, 2012, when NewCentury Realty Group Inc. was formed and registered to do business with the New York Department of State, long after Century 21 adopted the CENTURY 21 Marks and the CENTURY 21 Trade Dress.

19. Upon information and belief, Defendant adopted the name "NewCentury" and the Infringing Marks with full knowledge of Plaintiff's ownership of the CENTURY 21 Marks and the CENTURY 21 Trade Dress, and with the intention of trading off the goodwill built up in the CENTURY 21 Marks and the CENTURY 21 Trade Dress to improperly suggest or imply the existence of an affiliation or license between Plaintiff and Defendant, to dilute the distinctiveness

of the CENTURY 21 Marks and the CENTURY 21 Trade Dress, and to mislead and confuse actual and potential consumers.

20.     Defendant is not a franchisee of Plaintiff, nor has Plaintiff ever licensed or authorized the use of the CENTURY 21 Marks or the CENTURY 21 Trade Dress by Defendant.  As such, Plaintiff has no control over the nature and quality of the services provided by Defendant while using the Infringing Marks.

21.     The overall appearance, sound and commercial impression of Defendant's trade name and the Infringing Marks is confusingly similar to Plaintiff's CENTURY 21 Marks and CENTURY 21 Trade Dress:

| CENTURY 21 Marks | DEFENDANT'S Use |
|---|---|
| CENTURY 21 | NEWCENTURY |
| ![Century 21 logo] | ![New Century sign] |
| ![Century 21 yard sign]<br><br>- The colors gold and black are claimed as a feature of the Mark. | ![New Century sign] |

22.     Defendant's use of the Infringing Marks is likely to confuse consumers and lead consumers to believe a relationship exists between Plaintiff and Defendant, when such is not the case.

7

23. Plaintiff's goodwill in the CENTURY 21 Marks and the CENTURY 21 Trade Dress is of immeasurable value, and Plaintiff has suffered, and will continue to suffer, irreparable harm should Defendant's infringements be allowed to continue.

24. Upon information and belief, Defendant is providing real estate services through the same or similar channels of trade and to the same or similar classes of consumers as Plaintiff provides its real estate services, Defendant is operating in the same geographical area as Plaintiff and offering its services to the same consumers as Plaintiff, as such, Plaintiff and Defendant are direct competitors.

25. Despite multiple warnings from Plaintiff, in the form of multiple cease and desist letters and telephone contacts, Defendant continues to infringe upon Plaintiff's intellectual property rights through its use of the Infringing Marks.

26. Plaintiff first sent a cease and desist letter to Defendant regarding its infringement of the CENTURY 21 Marks and the CENTURY 21 Trade Dress on February 19, 2014 via certified mail, and received confirmation from the U.S. Postal Service on February 26, 2014 that the letter was delivered to and signed for by Defendant.

27. Upon Defendant's failure to respond to Plaintiff's initial cease and desist letter, Plaintiff sent a follow-up letter, attaching the original cease and desist letter, via UPS on March 7, 2014. UPS records confirm that this second letter was also delivered, and signed for on March 10, 2014. Defendant once again failed to acknowledge receipt or provide any response.

28. Plaintiff's attorneys subsequently reached out to Defendant via telephone in an attempt to ascertain whether or not Defendant intended to respond to Plaintiff's cease and desist demands. On three occasions, Plaintiff's counsel spoke with employees at Defendant's place of business. Each time Plaintiff's were told that the owner or manager was unavailable, but would be given

the message and return Plaintiff's counsel's calls.  No such response was ever received.

29.     On April 8, 2014, Plaintiff's counsel made still another attempt to contact Defendant by sending a facsimile, reiterating Plaintiff's allegations of infringement and attaching Plaintiff's two previous letters to Defendant.  This facsimile was confirmed to be successfully transmitted, however Defendant once again failed to acknowledge receipt or respond.

30.     Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake or deception as to the source or origin of Defendant's services in that the public and others are likely to believe that Defendant is sponsored, affiliated, approved and/or authorized by or otherwise legitimately connected with Plaintiff, which is currently, and will continue to, cause Plaintiff irreparable harm.

31.     Defendant's unauthorized use of the Infringing Marks is also causing, and will continue to cause, dilution by blurring and/or tarnishing Plaintiff's famous marks through the association arising from the similarity between the Infringing Marks and the famous CENTURY 21 Marks and the CENTURY 21 Trade Dress, because Plaintiff is unable to control or monitor the services provided under the Infringing Marks, thereby harming the reputation and goodwill associated with the CENTURY 21 Marks and the CENTURY 21 Trade Dress.

32.     Defendant's actions substantially harm Plaintiff by depriving Plaintiff and Plaintiff's franchisees of the opportunity to earn profits from the provision of virtually identical real estate services.

33.     Defendant's actions substantially harm Plaintiff and consumers who ultimately obtain services from Defendant.

**COUNT ONE**
**INFRINGEMENT OF CENTURY21'S TRADEMARKS AND TRADE DRESS**
**(15 U.S.C. § 1114(1)(a))**

34. Plaintiff repeats and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is the owner of current federal trademark registrations covering the CENTURY 21 Marks and the CENTURY 21 Trade Dress on a variety of real estate and real estate-related services. These registrations are valid and enforceable, and together constitute conclusive evidence of Century 21's exclusive rights to use the CENTURY 21 Marks and the CENTURY 21 Trade Dress in commerce in the United States.

36. Without the consent or authorization of Plaintiff, and with full knowledge of Plaintiff's famous CENTURY 21 Marks and the CENTURY 21 Trade Dress, Defendant adopted and is using the Infringing Marks in commerce to promote real estate services which are virtually identical to the services offered by Plaintiff. Further, Defendant markets and sells its services in the same channels of trade, in the same geographical area and to the same consumers as those of Plaintiff.

37. Defendant's unauthorized uses of the Infringing Marks are causing, and are likely to continue to cause, confusion, mistake or deception as to the source, sponsorship or approval of Defendant's services. Such use also falsely and deceptively represents Defendant's services as being sponsored by or provided by Plaintiff.

38. Upon information and belief, Defendant committed its wrongful actions willfully and with the intent to confuse consumers by marketing and selling its services in the same channels of trade, in the same geographical area and to the same consumers as those of Plaintiff.

39. Upon information and belief, by its acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled under law or equity.

40. Defendant's infringing actions will continue unless enjoined by this Court.

41. Plaintiff has been and continues to be damaged by Defendant's conduct and is without an adequate remedy at law.

42. Defendant's knowing and willful actions, including, but not limited to Defendant's failure to cease its infringement or even respond to Plaintiff upon the receipt of multiple warnings, make this an exceptional case, and Plaintiff is therefore entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

43. Plaintiff repeats and re-alleges Paragraphs 1 through 42, as though fully set forth herein.

44. Defendant's use of the Infringing Marks is likely to cause confusion, mistake or deceit as to the affiliation, connection or association of Plaintiff and Defendant and as to the origin, sponsorship or approval by Plaintiff or Defendant and/or its services.

45. Defendant's unauthorized use of the Infringing Marks constitutes unfair competition and false designation of origin in and affecting interstate commerce.

46. Defendant's unauthorized use of the Infringing Marks is likely to cause consumers to think that Defendant is affiliated with or sponsored by Plaintiff.

47. Plaintiff has no control over the nature and quality of the services provided by Defendant in connection with the Infringing Marks.  Upon information and belief, any failure, neglect or default by Defendant in providing its services to consumers will reflect adversely upon Plaintiff as the believed source or origin thereof, hampering efforts by Plaintiff to protect its reputation, resulting in a loss of sales and considerable expenditures in time and assets to promote its trademarks, all to the irreparable injury of Plaintiff.

48.     Defendant's use of the Infringing Marks is knowing and willful.

49.     Upon information and belief, by its acts, Plaintiff has made and will make substantial profits and gains to which it is not entitled under law or equity.

50.     Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

51.     Defendant's false designation of origin will continue unless enjoined by this Court.

52.     Defendant's knowing and willful actions make this an exceptional case, and Plaintiff is therefore entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT THREE
## FEDERAL DILUTION
## (15 U.S.C. § 1125(c))

53.     Plaintiff repeats and re-alleges Paragraphs 1 through 52, as though fully set forth herein.

54.     Defendant's unauthorized use of the Infringing Marks has diluted and is likely to continue to dilute the distinctive quality of the famous CENTURY 21 Marks and the CENTURY 21 Trade Dress, all to the detriment of Plaintiff.

55.     Plaintiff has no control over the nature and quality of the services provided by Defendant. Upon information and belief, any failure, neglect or default by Defendant in providing its services to consumers will reflect adversely upon Plaintiff, and blur and/or tarnish the famous CENTURY 21 Marks and CENTURY 21 Trade Dress, and the goodwill associated therewith as the believed source or origin thereof, hampering efforts by Plaintiff to protect its reputation, resulting in a loss of sales and considerable expenditures in time and assets to promote its trademarks, all to the irreparable injury of Plaintiff.

56. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not entitled under law or equity.

57. Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

58. Defendant's dilution of Plaintiff's famous marks and the goodwill associated therewith will continue unless enjoined by this Court.

59. Defendant's knowing and willful actions make this an exceptional case, and Plaintiff is therefore entitled to recover its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

## COUNT FOUR
## COMMON LAW TRADEMARK INFRINGEMENT

60. Plaintiff repeats and re-alleges Paragraphs 1 through 59, as though fully set forth herein.

61. Plaintiff owns all right, title and interest in and to the CENTURY 21 Marks and the CENTURY 21 Trade Dress, including all common law rights in such marks, and such marks are distinctive.

62. The aforementioned acts of Defendant constitute trademark infringement in violation of the common law of the State of New York.

63. Upon information and belief, Defendant has made and will make substantial profits and gains to which it is not entitled under law or equity.

64. Defendant's trademark infringement will continue unless enjoined by this Court.

65. Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

## COUNT FIVE
## COMMON LAW UNFAIR COMPETITION

66. Plaintiff repeats and re-alleges Paragraphs 1 through 65, as though fully set forth herein.

67. The aforementioned acts of Defendant constitute unfair competition in violation of the common law of the State of New York.

68. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not entitled under law or equity.

69. Defendant's unfair competition will continue unless enjoined by this Court.

70. Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

## COUNT SIX
## DECEPTIVE ACTS AND PRACTICES
## (N.Y. GENERAL BUSINESS LAW § 349)

71. Plaintiff repeats and re-alleges Paragraphs 1 through 70, as though fully set forth herein.

72. The aforementioned acts of Defendant constitute consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

73. By the acts described in this Complaint, Defendant has willfully engaged in deceptive acts or practices in the conduct of its business, in violation of New York General Business Law § 349.

74. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not entitled under law or equity.

75. Defendant's deceptive acts and trade practices will continue unless enjoined by this Court.

76. Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

## COUNT SEVEN
## TRADEMARK DILUTION
## (N.Y. GENERAL BUSINESS LAW § 360-L)

77. Plaintiff repeats and re-alleges Paragraphs 1 through 76, as though fully set forth herein.

78. Plaintiff is the exclusive owner of the CENTURY 21 Marks and the CENTURY 21 Trade Dress throughout the United States, including the State of New York.

79. Through prominent, long and continuous use in commerce, including commerce within the State of New York, and through the expenditure of over $1.5 billion dollars in advertising and promotion of the CENTURY 21 Marks and the CENTURY 21 Trade Dress in connection with Plaintiff's services, the CENTURY 21 Marks and the CENTURY 21 Trade Dress have become famous and distinctive.

80. By the acts described in this Complaint, Defendant has diluted the distinctiveness of the CENTURY 21 Marks and the CENTURY 21 Trade Dress, and has caused a likelihood of harm to Plaintiff's business reputation, in violation of New York General Business Law § 360-L.

81. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not entitled under law or equity.

82. Defendant's trademark dilution will continue unless enjoined by this Court.

83. Plaintiff has been and is continuing to be damaged by Defendant's conduct and is without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in its favor against Defendant on the foregoing claims as follows:

(1) That Defendant has willfully and intentionally infringed upon the CENTURY 21 Marks and the CENTURY 21 Trade Dress;

(2) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes a willful and intentional false designation of origin under 15 U.S.C. § 1125(a);

(3) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes a willful and intentional dilution of Plaintiff's famous CENTURY 21 Marks and the CENTURY 21 Trade Dress under 15 U.S.C. § 1125(c);

(4) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes willful and intentional trademark infringement under the common law of the State of New York;

(5) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes willful and intentional unfair competition under the common law of the State of New York;

(6) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes deceptive acts and practices under N.Y. General Obligations Law § 349;

(7) That Defendant's knowing and unauthorized use of the Infringing Marks constitutes trademark dilution under N.Y. General Obligations Law § 360-L;

(8) That Defendant, its officers, directors, employees, agents, affiliates and any person and/or entity claiming by, under and/or through Defendant, and all those acting in concert with Defendant and each of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

a. infringing Plaintiff's trademarks, service marks and trade dress containing the CENTURY 21 Marks and/or the CENTURY 21 Trade Dress by using and/or adopting any trade name or mark containing the CENTURY 21 Marks, the CENTURY 21 Trade Dress or any mark confusingly similar thereto, including, but not limited to, the Infringing Marks; and

b. using the CENTURY 21 Marks, the CENTURY 21 Trade Dress, or any other name or mark confusingly similar thereto, including, but not limited to, the Infringing Marks, alone or in combination with other words, names, styles, titles or marks, in connection with the advertising, promotion, offering or performance of any services or goods; and

c. performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead consumers into believing that Plaintiff and Defendant are one and the same, or are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendant originate with Plaintiff, or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead consumers to associate Defendant with Plaintiff; and

d. using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of the CENTURY 21 Marks, the CENTURY 21 Trade Dress, and the goodwill associate therewith; and

(9) That Defendant file with this Court, and serve on Plaintiff, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116 within fourteen (14) days after service of an injunction entered by this Court;

(10) That Defendant and all those in privity with it surrender for destruction all stationary, products, brochures, signage, advertisements, promotional materials and any other materials incorporating or reproducing the Infringing Marks and/or any other marks that are identical or confusingly similar to the CENTURY 21 Marks and/or the CENTURY 21 Trade Dress;

(11) That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described herein;

(12) That Defendant be required to provide an accounting of and pay to Plaintiff any gains and profits realized by Defendant from its wrongful acts of infringement, dilution, false designation of origin and unfair and deceptive trade practices, and all actual damages suffered and sustained by Plaintiff as a result of Defendant's aforementioned wrongful acts, as well as payment for the costs of this action and prejudgment interest, pursuant to 15 U.S.C. § 1117;

(13) That Defendant be required to pay increased and punitive damages as allowed by the law – including, but not limited to, those increased damages authorized under 15 U.S.C. § 1117;

(14) That Defendant be required to pay Plaintiff's costs and reasonable attorneys' fees by Defendant pursuant to 15 U.S.C. § 1117;

(15)	That Plaintiff be awarded treble damages against the Defendant pursuant to 15 U.S.C. § 1117; and

(16)	That Plaintiff be granted any such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 10, 2014	By: /s/ James M. Gibson	
James M. Gibson (Attorney-In-Charge)(JG9234)
jmgibson@powleygibson.com
Robert L. Powley (RP9234)
rlpowley@powleygibson.com
David A. Jones (DJ7768)
dajones@powleygibson.com

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Counsel for Plaintiff